IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff

    v.

JUAN DE LOS SANTOS MARTINEZ,

    Defendant.

CRIMINAL NO. 06-398 (GAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

### I.    Procedural Background

On December 20, 2006, defendant Juan De Los Santos Martínez was charged in a one-count indictment.  He agrees to plead guilty to that count.

Count One charges that Mr. De Los Santos, on or about December 16, 2006, while operating a vessel subject to the jurisdiction of the United States, near Monito Island, Puerto Rico, did knowingly fail to obey an order by an authorized federal law enforcement officer, namely U.S. Coast Guard Lieutenant Randall T. Chong, to heave to that vessel, all in violation of Title 18, United States Code, §2237(a)(1).

Defendant appeared before me on June 14 and 21, 2007,[1] since the Rule 11 hearing was referred by the court.  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

---

[1] The Rule 11 hearing began on June 14, 2007 but was aborted at the request of defendant's counsel when the defendant either did not understand or would not admit to certain facts underlying the offense.  The Rule 11 hearing was completed to the court's satisfaction on June 21, 2007.

USA v. Juan De Los Santos Martinez,                                                          Page 2
Cr. 06-398(GAG)
Report and Recommendation Guilty Plea

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [2] Although the defendant does not read English, he confirmed that his attorney translated the document to him in Spanish before he signed it.  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.  He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.  The defendant then voluntarily consented to proceed before a magistrate judge.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his

---

[2]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

USA v. Juan De Los Santos Martinez,                                                    Page 3
Cr. 06-398(GAG)
Report and Recommendation Guilty Plea

understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his counsel, Assistant Federal Public Defender Víctor González-Bothwell, and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. De Los Santos was competent to plead and fully aware of the purpose of the hearing.

**B.    Maximum Penalties**

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely: a term of imprisonment of not more than five years, and a fine of not more than $250,000.00, or both. The defendant also understood he could be sentenced to a term of supervised release of not more than three years and that a Special Monetary Assessment of $100.00 would be imposed to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

**C.    Plea Agreement**

Mr. De Los Santos was shown the document titled "Plea Agreement", which is part of the record, and identified his initials on each page and his signature on pages 6, 7 and 8. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that his attorney translated it to him in the Spanish language, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other

**USA v. Juan De Los Santos Martinez,**                                    Page 4
**Cr. 06-398(GAG)**
**Report and Recommendation Guilty Plea**

or different promises or assurances to induce him to plead guilty.

 The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

 The parties' sentencing calculations and recommendations appear at page three of the Plea Agreement, and were explained in open court.  In particular, the agreed upon Base Offense Level ("BOL") is ten pursuant to U.S.S.G. §2A2.4(a); pursuant to U.S.S.G. §3E1.1(a), a decrease of two levels is agreed for acceptance of responsibility, for a total offense level of eight. The United States and the defendant agree that they will not seek further adjustments or departures to the defendant's base offense level. The United States recommends that the defendant be sentenced to time served. No stipulation was made as to Criminal History Category. The defendant confirmed that these were the sentencing recommendations he agreed to with the government.

 The defendant was specifically informed that the sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of his sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines.  The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

 The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and

**USA v. Juan De Los Santos Martinez,**                                              Page 5
**Cr. 06-398(GAG)**
**Report and Recommendation Guilty Plea**

professed to understand , that the Plea Agreement contains a waiver of appeal provision under which

the defendant agrees to waive his right to appeal the judgement and sentence if the court finds a total

offense level of eight and sentences him to any sentence within the applicable Guideline Range. The

defendant expressed his agreement to this provision in open court.

     D.    **<u>Waiver of Constitutional Rights</u>**

     The defendant was specifically advised that he has the right to persist in a plea of not guilty,

and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge

sitting without a jury if the court and the government so agree; that at trial he would be presumed

innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would

have the right to assistance of counsel for his defense, and if he could not afford an attorney the court

would appoint one to represent him throughout all stages of the proceedings; that at trial he would

have the right to hear and cross examine the government's witnesses, the right to decline to testify

unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory

process to compel the attendance of witnesses to testify on his behalf.  He was further informed that

if he decided not to testify or put on evidence at trial, his failure to do so could not be used against

him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

     The defendant specifically acknowledged understanding these rights, and understanding that

by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that

the court explained. The defendant's attorney attested that he explained these rights to his client and

believed that the defendant understood the explanations.

     The defendant was informed that parole has been abolished and that any sentence of

imprisonment must be served.  Defendant was additionally informed that a pre-sentence  report

would be prepared and considered by the district judge at sentencing, and that the defense and the

government would be allowed to  correct or object to any information contained in the report which

was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him

USA v. Juan De Los Santos Martinez,                                    Page 6
Cr. 06-398(GAG)
Report and Recommendation Guilty Plea

of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm.  The defendant confirmed that he understood these consequences of his guilty plea.

### E.       Factual Basis for the Guilty Plea

The court explained Count One of the indictment in open court and explained the elements of the offense and the meaning of terms used in the indictment.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial. Upon questioning from the court, the defendant specifically admitted that he knowingly failed to obey the Coast Guard's order to heave to his vessel, and that he was within the territorial waters of the United States.

### F.       Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea.  He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing defendant was able to consult with his attorney.

## IV.   Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Juan De Los Santos Martinez, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis

**USA v. Juan De Los Santos Martinez,**                                         Page 7
**Cr. 06-398(GAG)**
**Report and Recommendation Guilty Plea**

in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment.

Finally, the defendant requests, and the government does not object to, the issuance of an abbreviated pre-sentence report and immediate imposition of sentence.   Because the defendant has been detained since December 16, 2006, and because the parties recommend a sentence of time served, I recommend that the court grant defendant's requests.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

A sentencing hearing will be set by the presiding district judge.

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 21st day of June, 2007.


s/ Bruce J. McGiverin
BRUCE J. McGIVERIN
United States Magistrate Judge